IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RATES TECHNOLOGY INC.,<br><br>Plaintiff,<br>v.<br><br>PRIMUS TELECOMMUNICATIONS, INC., et al.,<br><br>Defendants. | Civil Action No. 07-441 JJF |

### DECLARATION OF JAMES B. HICKS IN SUPPORT OF PLAINTIFF RTI'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR STAY COMPLAINT

I, James B. Hicks, declare as follows:

1. I am a partner with the law firm Hicks | Park LLP, and I make the following statements of my personal knowledge. If called as a witness, I could and would testify to the same.

2. I have represented RTI as lead counsel in its patent infringement litigation across the country for several years, including in the case *OpenLCR.com, Inc. v. Rates Technology Inc.*, 112 F.Supp.2d 1223 (D. Colo. 2000), which is cited by defendant Primus' motion. As explained by the *OpenLCR.com* ruling itself, the court did not make any factual findings or conclusions that RTI acted in bad faith. Thus, although Primus cites this case as supposedly showing that RTI acted in bad faith, there's no such finding in the *OpenLCR.com* case.

3. Primus' motion next cites *Alcatel Internetworking, Inc. v. Rates Technology Inc.*, C.D. Cal. Case No. CV 03-9449, for the proposition that RTI was sanctioned for refusing to provide discovery. *See* Dowd Decl., Exh. "I". I also represented RTI in that case, and all the cited 2004 discovery orders related to jurisdictional discovery with which RTI complied (*id.*), and it wasn't until 2006 that the discovery magistrate imposed a daily fine in order to get RTI to produce further responses to <u>different</u> discovery requests. *See id.* (Order dated April 21, 2006). What

1

Primus fails to tell the Court is that in 2006 RTI learned that Alcatel was merging with Lucent, which was covered under these same patents under a settlement agreement with RTI, so RTI had waived its claims against Alcatel pursuant to that prior settlement agreement, and didn't want to produce additional discovery while its dismissal of claims was pending. *See id.* at p. 2. The *Alcatel* case was dismissed soon thereafter pursuant to the relevant settlement agreements, and no sanctions were ever paid by RTI in response to that order.

    4. Primus finally cites *Rates Technology Inc. v. Cablevision Systems Corp.*, E.D.N.Y. Case No. CV 05-3583, as another case in which RTI supposedly failed to respond to proper discovery. *See* Dowd Decl., Exh. "J". I represent RTI in that case as well, and the case involved an order directing RTI to produce settlement agreements from other lawsuits so that defendant Cablevision could use them to calculate RTI's damages in the *Cablevision* lawsuit, etc. RTI was reluctant to produce its settlement agreements to Cablevision, even with an attorneys-eyes-only designation, since it was Cablevision's lawyers who had already repeatedly filed settlement information and attorneys-eyes-only discovery responses in open court, effectively revealing such confidential matters to the world through the federal courts' PACER system. Judge Hurley repeatedly struck these filings by Cablevision's lawyers, but when RTI asked him to put some teeth in the protective order in the case (such as requiring a bond, or allowing RTI to sue for damages in the event of disclosure of confidential information), he refused to do so.

    5. In the *Cablevision* case, RTI was also reluctant to produce its settlements on the grounds that such discovery was out-and-out improper – indeed, I represent RTI in another parallel patent case, in which the magistrate judge recently denied a similar motion to compel production of these very same agreements, given "the proscription of Fed.R. Evid. 408 against the admissibility of settlement agreements to prove the value of a claim":

> "[T]he Court fails to see how facts and documents relating to covenant-not-to-sue agreements entered into by RTI in compromise of claims for past infringement or threatened suit for past infringement qualify as relevant to the claims or defenses of the parties hereto or reasonably calculated to lead to the discoverability of admissible evidence (which is the current standard for discoverability under Fed.R.Civ.P. 26(b)). Accordingly, RTI's relevance objection to the discoverability of such facts and

documents is sustained, and [the] motion to compel the discovery of such facts and documents is DENIED."

*D-Link Systems, Inc. v. Rates Technology Inc.*, C.D. Cal. Case No. SA CV 07-144 (Order dated July 11, 2007, at p. 3). Indeed, the court found that "a payment . . . in settlement of a claim for an alleged infringement cannot be taken as a standard to measure . . . damages." *Id.* at p. 2.

6. Thus, RTI took the position in the *Cablevision* case that it would be willing to produce the settlement agreements if the court required Cablevision to post a bond against improper disclosure, etc., but otherwise RTI was willing to let the case be dismissed and take its chances on appeal, since "a payment . . . in settlement of a claim for an alleged infringement cannot be taken as a standard to measure . . . damages." *Id.* at p. 3. As Primus notes, the court dismissed RTI's claims, but RTI has reserved its right to appeal the order to the Federal Circuit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct, and that this was executed in Los Angeles, California on September 27, 2007.

_____
James B. Hicks